IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:23-cr-298 (JEB) |
| | : | |
| **DOUGLAS HARRINGTON,** | : | |
| | : | |
| Defendant. | : | |

## MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

### INTRODUCTION

In Count Two of the indictment, Douglas Harrington is charged with one count of assaulting, resisting, or impeding a federal officer, with the use of a deadly and dangerous weapon and causing bodily injury in violation of 18 U.S.C. § 111(a)(1) and (b).

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant approaching a police line on the Upper West Terrace, provoking officers with hand gestures, then swinging a metal flag pole at officers on that police line and striking at least one officer with the pole. This evidence shows that the defendant attacked Officer S.M. without provocation. The following images depict the defendant's contact with and assault of Officer S.M.:



*Still from Officer S.M.'s body worn camera of Harrington (circled in red) gesturing with his left hand at the police line*



*Still from Officer S.M.'s body worn camera of Harrington (circled in red) swinging the metal flagpole at the police line*



***Still from Sergeant M.P.'s body worn camera of Harrington (circled in Red) striking Officer S.M. with the flagpole***

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in *immediate danger of unlawful bodily harm* from his adversary and that the use of such force *is necessary to avoid this danger.*" *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have

3

been acting in self-defense"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in this case. At no point before the assault did Officer S.M. apply force to the defendant. It was the defendant who then initiated a violent physical attack by approaching the police line, provoking the officers with hand gestures, and then swinging a metal flagpole at those officers. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the video do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid.*, he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated: June 17, 2024

                                    Respectfully Submitted,

                                    MATTHEW M. GRAVES
                                    United States Attorney

By:    */s/ Kyle R. Mirabelli*
          KYLE R. MIRABELLI
          N.Y. Bar No. 5663166
          Assistant United States Attorney
          601 D Street, N.W.
          Washington, D.C. 20579